UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SPINE SOLUTIONS, INC., a Delaware corporation; SYNTHES SPINE COMPANY, L.P., a Delaware limited partnership; SYNTHES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC SOFAMOR DANEK, INC., an Indiana corporation; MEDTRONIC SOFAMOR DANEK USA, INC., a Tennessee corporation,<br><br>Defendants. | ) Case No. 07-cv-02175-JPM-dkv<br>)<br>) **AMENDED COMPLAINT FOR**<br>) **PATENT INFRINGEMENT**<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiffs Spine Solutions, Inc., Synthes Spine Company, L.P. and Synthes, Inc. (hereinafter "Plaintiffs"), through their attorneys, alleges for their complaint against Defendants Medtronic Sofamor Danek, Inc. and Medtronic Sofamor Danek USA, Inc. (hereinafter "Defendants"), upon knowledge with respect to its own actions and upon information and belief with respect to the actions of others:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over the subject matter of this action pursuant to the provisions of Title 28, U.S.C. § 1331 and § 1338(a), this action arising under the Constitution and the laws of the United States, including the patent laws enacted by Congress set forth in Title 35, U.S.C. §§ 1 et seq.

2.      The Court has personal jurisdiction over Defendants because, *inter alia*, on information and belief, each Defendant has its principal place of business within the state of

Tennessee and within this judicial district and Defendant Medtronic Sofamor Danek USA, Inc. is a Tennessee corporation.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) because Defendants, as corporations subject to personal jurisdiction in this judicial district, reside in this district.

## THE PARTIES

4. Plaintiff Spine Solutions, Inc. is a Delaware corporation having its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380. Plaintiff Synthes Spine Company, L.P. is a Delaware limited partnership having its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380. Plaintiff Synthes, Inc. is a Delaware corporation having its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380. Plaintiff Spine Solutions, Inc. is the assignee of United States Letters Patent No. 6,936,071 ("the '071 patent"), issued on August 30, 2005, and entitled "Intervertebral Implant." A copy of the '071 patent is attached hereto as Exhibit A. Plaintiff Synthes Spine Company, L.P. is the exclusive licensee of the '071 patent. Both Plaintiff Spine Solutions, Inc. and Plaintiff Synthes Spine Company, L.P. are wholly owned by Plaintiff Synthes, Inc.

5. Medtronic Sofamor Danek, Inc. is an Indiana corporation having a principal place of business in Memphis, Tennessee.

6. Medtronic Sofamor Danek USA, Inc. is a Tennessee corporation having a principal place of business in Memphis, Tennessee.

7. Defendants make, sell, offer for sale, export, or otherwise supply intervertebral implants known as the Maverick™, A-MAV and O-MAV Artificial Discs.

## INFRINGEMENT OF U.S. PATENT NO. 6,936,071

8. Plaintiffs re-allege and incorporate by reference paragraphs 1-7 above, as though fully stated herein.

9. Plaintiffs possess all substantial rights to the '071 patent, and the '071 patent is in full force and effect. Plaintiffs have standing to sue for infringement of the '071 patent.

10. Defendants are infringing the '071 patent, either directly, by active inducement, by contributory infringement, by exportation activities, and/or otherwise, under 35 U.S.C. § 271. By way of example, by making intervertebral implants (including the Maverick™, A-MAV and O-MAV Artificial Discs and/or their components) in the United States and exporting or otherwise supplying or causing to be supplied from the United States such implants that are sold, combined, or otherwise used outside the United States, and/or by actively inducing the infringement of the '071 patent by making and supplying such devices in the United States or abroad, Defendants have violated § 271 including, without exclusion, § 271(f). Defendants will continue such infringement unless enjoined by this Court.

11. By reason of Defendants' acts of infringement, Plaintiffs have suffered and are suffering damages in an amount yet to be determined.

12. Defendants' acts of infringement are causing irreparable harm to Plaintiffs and will continue to cause irreparable harm unless enjoined by this Court.

13. Defendants' infringement of the '071 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorney fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court for the following relief:

1. That Defendants, their officers, partners, employees, agents, representatives, attorneys and all persons acting or claiming to act on their behalf or under their direction or authority and all persons acting in concert or in participation with Defendants, be enjoined during the pendency of this action, and thereafter during the term of the '071 patent, from:

    (a) making, using, offering for sale, selling, exporting, or otherwise supplying any and all infringing devices, and any products or infringing methods, that violate the '071 patent, and

    (b) inducing others to violate the '071 patent, or contributing to such infringement.

2. That Defendants, including their aforementioned associates, be required to deliver up to Plaintiffs for destruction any and all advertising, marketing or distribution materials related to Defendants' infringing products.

3. That Defendants, including their aforementioned associates, be required to account for and pay over to Plaintiffs the cumulative damages sustained by Plaintiffs by reason of Defendants' unlawful acts of patent infringement; that the amount of recovery be increased as provided by law, up to three times; and that interest be awarded to Plaintiffs.

4. That Plaintiffs be awarded their reasonable costs and attorney fees.

5. That Plaintiffs have such other and further legal or equitable relief as the Court may deem necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury for each and every issue so permitted by law and statute.

Respectfully submitted,

Dated:  November 24, 2008         By:    /s/ Jeffrey M. Olson
                                         Jeffrey M. Olson, Esq.
                                         Paul H. Meier, Esq.
                                         Samuel N. Tiu, Esq.
                                         Matthew S. Jorgenson, Esq.
                                         SIDLEY AUSTIN LLP
                                         555 West Fifth Street, Suite 4000
                                         Los Angeles, California  90013
                                         (213) 896-6000

                                         Albert C. Harvey, Esq.
                                         Kyle M. Wiggins, Esq.
                                         THOMASON HENDRIX HARVEY
                                         JOHNSON & MITCHELL
                                         One Commerce Square
                                         40 South Main Street, Suite 2900
                                         Memphis, Tennessee  38103
                                         (901) 525-8721

                                         Daniel E. Gustafson, Esq.
                                         Karla M. Gluek, Esq.
                                         GUSTAFSON GLUEK PLLC
                                         650 Northstar East
                                         608 Second Avenue South
                                         Minneapolis, Minnesota  55402
                                         (612) 333-8844

                                         Attorneys for Plaintiffs
                                         SPINE SOLUTIONS, INC., SYNTHES
                                         SPINE COMPANY, L.P.,  and SYNTHES,
                                         INC.