IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SPINE SOLUTIONS, INC., a Delaware corporation; SYNTHES SPINE COMPANY, L.P., a Delaware limited partnership; SYNTHES, INC., a Delaware corporation,<br><br>　　　　　Plaintiffs-Counterdefendants,<br><br>　　v.<br><br>MEDTRONIC SOFAMOR DANEK, INC., an Indiana corporation, and MEDTRONIC SOFAMOR DANEK USA, INC., a Tennessee corporation,<br><br>　　　　　Defendants-Counterclaimants. | Civil Action No. 2:07-cv-02175-JPM<br>Judge: Jon Phipps McCalla<br>Magistrate Judge: Diane K. Vescovo<br><br><br><br><br>**MEDTRONIC'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |

　　　　Plaintiffs Spine Solutions, Inc., Synthes Spine Company, L.P., and Synthes, Inc. (collectively hereinafter referred to as "SSI") submitted a bill of costs to the Clerk of the United States District Court in the Western District of Tennessee in the amount of $214,042.42. Defendants Medtronic Sofamor Danek, Inc. and Medtronic Sofamor Danek USA, Inc. (collectively hereinafter referred to as "Medtronic") object to the costs submitted for videotape depositions of its own witnesses, to the witness expenses incurred by Dr. Russell Mangum, and to certain costs associated with the exemplification and copies of papers unnecessarily obtained for use in the case. These objections amount to a reduction in costs of $64,465.79 plus the amount of the videotape depositions.

　　　　Local Rule 54.1 contemplates that counsel should attempt to agree on costs to avoid having to file a cost bill with the clerk. Counsel for Spine Solutions made no attempt to seek agreement, and filed its bill of costs. Accordingly, Medtronic had no choice but to file and serve these objections for the record. Even though it was Spine Solutions' duty to meet and confer,

Medtronic will certainly attempt to meet and confer prior to the hearing in order to narrow the issues or possibly avoid the time and expense of a hearing altogether.

I.      **Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920**

Federal Rule of Civil Procedure 54(d)(1) authorizes the award of costs to the prevailing party, and specific taxable costs are set forth in 28 U.S.C. § 1920. The court has "broad discretion" in awarding costs. *BDT Prod., Inc. v. Lexmark Int'l Inc.,* 405 F.3d 415, 419 (6th Cir. 2005). The Sixth Circuit, however, has set some limits on taxable costs regarding duplicative depositions, unnecessary witness fees, and unnecessary exemplification and copying costs.

II.     **Specific Objections**

SSI's claim for costs of $214,042.42 includes more than $64,465 in untaxable costs. Based on the relevant case law interpreting Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, Medtronic objects to costs relating to the videotape depositions, the unnecessary fees incurred by Dr. Russell Mangum, and unnecessary exemplification and copying costs.

A.      **The videotape depositions were duplicative and unnecessary, and therefore this Court should disallow those costs.**

Costs associated with videotape depositions are generally taxable if the deposition was necessary at the time it was taken. *Johnson v. City of Battle Creek*, No. 4:04 CV 38, 2005 WL 1427716 at * 2 (W.D. Mich. June 16, 2005). Nevertheless, when both stenographic transcript and videotape costs are requested, a court may, in its discretion, disallow the duplicative costs "in the absence of an adequate explanation why the apparently duplicative videotape costs were necessarily incurred." *Id. See also Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999). The *BDT Products* case adopted the reasoning in *Tilton v. Capital Cities*, but even there, the *Tilton* court held that the videotape must have been "necessarily obtained for use in the case." *Tilton v. Capital Cities,* 115 F.3d 1471, 1478 (10th Cir. 1997).

2

Here, the videotape costs involving SSI's *own* expert and fact witnesses were duplicative and unnecessary. Thierry Marnay and Boris Beyersdorff are the named inventors in one of the patents in suit. David Nichols, Marvin Petry, Francis Magee, John Walsh, and Robert Donohue were corporate employees at SSI or attorneys acting as counsel to SSI. SSI did not need videotape of its own witnesses, and therefore, these videotapes were not "necessarily obtained" for use in the case. SSI had ample other opportunities to interview its own corporate leaders, inventors, and attorneys regarding their deposition responses, and could examine the demeanor of their own witnesses at any time. Furthermore, SSI seeks costs associated with the videotaped depositions of all of their *own* experts. Again, like SSI's fact witnesses, SSI has ready access to its own experts, could question them on their deposition responses, and could examine the demeanor of their own experts at any time. Therefore, these videotapes are duplicative and unnecessary.

While Medtronic does not doubt the necessity of the stenographic transcripts, the request for the costs of the videotapes is duplicative and unnecessary. The declaration of Samuel N. Tiu, SSI's counsel, does not itemize the costs of the stenographic transcripts and the videotapes. Thus, it is unknown to Medtronic how much the costs should be reduced. The Court should require Spine Solutions to meet its burden of proof on this point, or award no costs for these depositions.

### B. Dr. Russell Mangum was an unnecessary damages witness.

A court will not grant expert fees if the witnesses "[do] not advance" the case. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 361 (6th Cir. 2005). Here, Dr. Mangum did not advance SSI's case. SSI already had one expert witness regarding damages, Dr. Robert Tollison. Adding a second damages expert was unnecessary. Substantively, Spine Solutions did have Dr. Tollison

3

address lost profits damages, while Dr. Mangum addressed reasonable royalty damages. However, they both looked at nearly the same evidence, and there is nothing about these topics that requires two experts. Either expert could easily have addressed both topics. In fact, Medtronic's one damages expert, Mr. Degen, did address both topics. Medtronic should not be punished for Spine Solutions' decision to have two expert witnesses on the damages issue. Therefore, Dr. Mangum's additional testimony regarding damages was duplicative, unnecessary, and did not advance SSI's case. Accordingly, SSI's costs should be reduced by $6,782.09, the total fees billed by Dr. Mangum.

      **C.**      **Some of SSI's costs for exemplification were unnecessary.**

SSI can collect costs for "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). But, in the discovery context, necessity allows a party to submit costs only for "obtaining one set of discovery documents in a usable format." *Irwin v. Int'l Bus. Machs.*, No 1:04-CV-568, 2008 U.S. Dist. LEXIS 33760 at *8, (W.D. Mich. Apr. 24, 2008). In *Irwin,* it was shown by affidavit that the documents were produced in a format that was unusable "due to technical problems." *Id.* at *6. Thus, the party could not utilize the documents produced on the CDs and had to print them out and rescan them into a document management system. The court found that the prevailing party had proven the production was not in a usable format and allowed the cost of one set of copies to be taxed as costs, because "obtaining one set of documents in a usable format is reasonably necessary." *Id.* at *6 - *8. Moreover, the "cost of copying documents for the litigant's own use or for the convenience of counsel is not taxable." *Id.* at *8. Courts will not allow the cost of "scanning the documents or making an extra working copy of the documents, because these steps would be for [counsel's] convenience rather than a necessity for maintenance of the case." *Id.*

SSI's bill of costs includes charges for duplicating, scanning, and labeling Medtronic's production of 375,022 documents. Medtronic produced most of these documents to SSI in single page TIFFs pursuant to the agreement of the parties. Some smaller productions were produced in PDF. Whether TIFF or PDF, Medtronic produced documents in a usable format. Spine Solutions never complained about the general format for production, and certainly has not proven in its bill of costs that any documents were not produced in a usable format (as was the case in *Irwin*). In fact, they were in Spine Solutions' requested format. Therefore, SSI cannot collect the costs associated with additional duplication because such copies were for the convenience of counsel. The total amount of costs that are not allowable is 375,022 pages multiplied by 15 cents per page, or a reduction of $56,253.30.

SSI also submitted costs of $2,145.60 for copies of exhibits used in depositions taken by SSI. Costs for deposition exhibits, however, cannot be taxed if the party was "already in possession of the exhibits prior to the taking of depositions." *Id.* at *9. At the same time, SSI can submit costs for copies made for the opposing party. *Id.* at *12. Here, SSI made copies of these marked exhibits for themselves, the witnesses, and Medtronic. This suggests that SSI already was in possession of these exhibits. Only the copies made for Medtronic, however, can be submitted in the bill of costs. Other copying costs for the deposition exhibits cannot be taxed because SSI already possessed the exhibits. Therefore SSI's recovery of costs for exemplification of deposition exhibits should be reduced by $1,430.40.

Accordingly, based on the foregoing, Defendants Medtronic Sofamor Danek, Inc. and Medtronic Sofamor Danek USA, Inc. respectfully request this Court to reduce the bill of costs by $64,465.79 for unnecessary expert witness and duplication costs, along with an amount deemed appropriate by the Court for the duplicative videotape deposition costs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  January 14, 2009 | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ P.C.** |
|  | By:   s/John R. Branson
         John R. Branson |

Attorneys for Defendants and Counterclaimants
MEDTRONIC SOFAMOR DANEK, INC. and
MEDTRONIC SOFAMOR DANEK USA, INC.

Grady M. Garrison, Esq.
John R. Branson, Esq.
Baker, Donelson, Bearman, Caldwell &
    Berkowitz, P.C.
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
(901) 526-2000

Jan M. Conlin, Esq.
Munir R. Meghjee, Esq.
Cyrus A. Morton, Esq.
Sharon E. Roberg-Perez, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402-2015
(612) 349-8500

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of **MEDTRONIC'S OBJECTION TO PLAINTIFF'S BILL OF COSTS** via the Court's CM/ECF system per Local Rule CV-5(a)(3) and email this 14th day of January 2009. Any other counsel of record will be served by facsimile transmission and/or first class mail.

                                      s/John R. Branson  
                                      John R. Branson