IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **Spine Solutions, Inc., et al.,** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-2175 JPM/dkv |
| | ) | |
| **Medtronic Sofamor Danek, Inc., et al.,** | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER TAXING COSTS**

**PROCEDURAL HISTORY**

The record indicates that on December 8, 2008, Judgment was entered in favor of the Plaintiff Spine Solutions, Inc. ("Plaintiff") and against the Defendants Medtronic Sofamor Danek, Inc. and Medronic Sofamor Danek USA ("Defendants") in accordance with the jury verdict rendered in the case. The Plaintiff filed a Bill of Costs on January 7, 2009 seeking reimbursement for expenses in the total amount of $214,042.42. Defendants filed Objections to Plaintiff's Bill of Costs on January 14, 2009.

Written notice was issued pursuant to Local Rule 54.1 that a hearing would be held by the Clerk of Court on January 22, 2009 at 10:45 P.M. at which the parties could appear and/or submit citations of law relevant to the issue of taxation of costs in this matter. A cost assessment hearing was held as scheduled. Counsel appeared for Plaintiff and Defendants.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 54(d) creates a presumption that the cost of litigation will be awarded to the prevailing party unless the Court finds otherwise, and 28 U.S.C. § 1920 sets forth the scope of costs that are properly recoverable. Costs will be awarded to the prevailing party unless the non-prevailing party can present circumstances, conditions or factors to be considered that are sufficient to override or mitigate the extent of the award of costs. In the latter instance, it is the losing party who carries the burden of negating the presumption that the winning party ought to recover costs.

The evaluation of the appropriate taxation of costs is therefore more than the mere mechanical application of the above rule and statute and ought to address, at a minimum, the following the basic issues: (a) Whether the party submitting the bill of Costs was, in fact, the prevailing party in the case; (b) Whether and to what extent the costs claimed by the prevailing party are proper under 28 U.S.C. § 1920; (c) Whether these costs are reasonable in amount and were reasonably incurred in prosecuting or defending the related action; (d) Whether the claimed costs were actually incurred; (e) Whether the claimed costs were adequately documented; and (f) Whether there are considerations, factors or circumstances that otherwise overcome the presumption to award costs to the prevailing party.

## ANALYSIS

Defendants object to Plaintiff recovering $64,465.79 in document copy costs plus the cost of videotape depositions and expenses of certain witnesses. During the hearing, the Defendants withdrew their objection to $6,700.00 of those expenditures, reducing the amount in controversy to $57,765.79. In addition to this amount, the Defendants object to $4,217.35 of Plaintiff's videotaped deposition costs, making the total amount in controversy $61,983.14.

Considering first Defendants' objections to Plaintiff recovering the cost of videotaped depositions, Defendants correctly stated that the cost of videotaped depositions is recoverable if the deposition itself was necessary at the time it was taken. Defendant goes on to object to these videotape expenses because they were not necessary and were merely duplicative to the stenographic transcript of the same deposition. In response, the Clerk notes that it is well-settled that a deposing party can elect to record a deposition in both stenographic and videotape formats; it is not a choice of only one or the other format. If, therefore, the underlying deposition itself was permissible as to cost recovery, it does not matter how the deposition was recorded or in how many formats it was recorded.

Defendants go on to object to these videotaped deposition expenses on the basis that these expenses were related to depositions of Plaintiff's own expert and fact witnesses. In that regard it was argued that they were unnecessary primarily because the Plaintiff always had access to its own expert and witnesses. Defendant conceded the necessity of creating stenographic transcripts but argued that the videotapes were duplicative and not really needed as to Plaintiff's own expert and fact witnesses.

Case law provides that a party is free to depose its own witnesses and experts. The basis for this is two-fold. First, it guards against a needed witness testimony being lost in the event that the witness is unavailable, unable or unwilling to testify. Second, it protects the deposing party from the possibility that a witness who is favorable prior to trial might become an adverse one afterwards. The right to take these depositions is not confined to any particular expert or fact witness, including, a party's own witnesses.

Finally, Defendants argue that insofar as Plaintiff did not separate videotape costs versus stenographic transcript costs, there is no way to consider each separately, as to the recovery of these costs or the rejection of recovery.

It is the Clerk's finding that the videotape depositions in issue are completely recoverable even if these depositions were prepared in more than one format and even if the deponents were experts and witnesses of the deposing party.

The Clerk notes two factors in regard to Defendants' last objection. First, insofar as the Clerk has determined that both videotape and stenographic copies are recoverable there really is no need to separate these two expenditures. If the Clerk had denied the recovery of videotape depositions then separating the two methods of recording depositions would have been necessary. Second, at the hearing, Plaintiff produced a supplemental declaration pertaining to this issue and the costs associated with videotaped deposition records were separated from the stenographic transcript costs.

Considering next Defendants' objection to award copy charges of $57,765.79, Defendants' primary objection is that Defendants had delivered all of the documents requested by Plaintiff in electronic format using a TIFF or PDF file structure. These digitized documents, argues Defendants, were completely readable on a computer and there was no need to have each of them printed, particularly since many of these documents were not used at trial.

Defendants' point here is that the printing of all these TIFF and PDF documents was merely for convenience of Plaintiff's counsel and were otherwise unnecessary as Plaintiff's counsel could have just as easily worked from electronic copies. Plaintiff's response is that there was no effective way to work with over 375,000 pages of documents solely on computers. Print copies were needed for proper trial preparation and for working with witnesses.

Defendants also argued that Plaintiff never complained about the delivery of the documents in electronic form and that it is duplicative to turn around and recreate them on paper. Defendants assert that this was just a matter of convenience; Plaintiff says that it was necessary to work from paper for proper trial preparation.

There is no way for the Clerk to second-guess Plaintiff's duplication of documents from an electronic to paper medium. If Plaintiff considered it necessary for trial preparation then it was, and the cost would be recoverable. It should also be pointed out that if Defendants had prevailed in this case Plaintiff would have been left to absorb all these costs. It is the opinion of the Clerk that duplication of these documents, being well over 375,000 copies, was not a matter of mere convenience and should be recoverable as a cost of litigation under 28 U.S.C. § 1920.

## DECISION

It is the decision of the Clerk of Court that costs be taxed against Defendants Medtronic Sofamor Danek, Inc. and Medtronic Sofamor Danek USA and in favor of the Plaintiff Spine Solutions, Inc. in the amount of $214,042.42.

## NOTICE OF RIGHT TO HAVE DECISION REVIEWED

Pursuant to Fed. R. Civ. P. Rule 54(d), the taxation of costs by the Clerk of Court may be reviewed by the Court upon motion to the Court served within 5 days of the docketing of this Order.

Dated: February 26, 2009.

s/ Thomas M. Gould
**Thomas M. Gould, Clerk of Court**
