IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| SPINE SOLUTIONS, INC., a Delaware corporation; SYNTHES SPINE COMPANY L.P., a Delaware limited partnership; SYNTHES, INC., a Delaware corporation,  Plaintiffs, v. MEDTRONIC SOFAMOR DANEK, INC., an Indiana corporation; MEDTRONIC SOFAMOR DANEK USA, INC., a Tennessee corporation,  Defendants. | No. 07-2175-JPM-dkv |

_____

**ORDER DENYING PLAINTIFFS' MOTION TO UNSEAL THE COURT'S SUMMARY JUDGMENT ORDERS, POST-TRIAL ORDERS, AND JUDGMENTS**
_____

Before the Court is Plaintiffs Spine Solution, Inc.; Synthes Spine Company; and Synthes, Inc.'s (collectively "SSI") Motion to Unseal the Court's Post-Trial Orders (Docket Entries ("D.E.") 495-96, and 520), Judgments (D.E. 497 and 521), and Summary Judgment Orders (D.E. 313-19), filed on November 17, 2009. (D.E. 523.) Defendants Medtronic Sofamor Danek, Inc. and Medtronic Sofamor Danek USA, Inc. (collectively "Medtronic") responded in opposition to SSI's motion on December 1, 2009. (D.E. 524.)

1

**I.   Background**

On August 26, 2009, this Court entered final judgment in the above-captioned case (D.E. 497), which was later amended on November 9, 2009 (D.E. 521).  Pursuant to a Protective Order entered on August 8, 2007 (D.E. 56), both parties have designated materials as "CONFIDENTIAL" throughout the course of the litigation.  The Court, pursuant to the Protective Order, has entered its orders under seal because they rely upon and often directly quote, motions and exhibits filed under seal. (See D.E. 313-18, 495-97, 520-21.)

On July 24, 2009, Medtronic filed a Request for Reexamination of the '071 patent with the United States Patent and Trademark Office ("USPTO").  The USPTO granted the reexamination request on September 4, 2009.  On September 1, 2009, Medtronic filed a Notice of Appeal (D.E. 498), whereby it appeals from numerous orders entered by this Court, including the Court's summary judgment orders (D.E. 313-19), post-trial orders (D.E. 495-96), and judgment (D.E. 497).  On November 10, 2009, Medtronic filed an Amended Notice of Appeal (D.E. 522), whereby it additionally appeals the Court's amended post-trial order (D.E. 520) and amended judgment (D.E. 521).  All of these documents are currently sealed by the Court.

SSI contends that the Court's summary judgment orders (D.E. 313-19)[1], post-trial orders (D.E. 495-96, 520), and judgments (D.E. 497, 521) should be unsealed because they do not contain sensitive trade secrets of the parties and would facilitate the appeal process and aid in the reexamination of the '071 patent. (SSI's Mot. to Unseal Ct.'s Post-trial Orders, Judgments, and Summ. J. Orders ("SSI's Mot.") (D.E. 523) 1-2.)  In response, Medtronic contends that the orders and judgments should remain sealed because they are based on and often cite confidential information submitted under seal pursuant to the August 8, 2007 Protective Order.  (Medtronic's Resp. in Opp. to SSI's Mot. ("Medtronic's Resp.") (D.E. 524) 2.)  Medtronic argues that SSI has provided no basis for challenging the original confidential designations (id.), and the appeal process and reexamination of the patent are not hampered by the Court's orders being under seal (id. 3).

## II. Standard of Review

Courts have recognized a "strong presumption in favor of public access to court proceedings and records."  Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1177-79 (6th Cir. 1983).  "It is uncontested, however, that the [public] right to inspect and copy judicial records is not absolute.

---

[1]   The Court notes that docket entry 319 is not a summary judgment order but rather a Motion to Withdraw as Attorney.

Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 589 (1978). A request to lift or modify an order sealing documents or records is "best left to the sound discretion of the trial court." Krause v. Rhodes, 671 F.2d 212, 219 (6th Cir. 1982).

**III. Analysis**

SSI contends that Medtronic has failed to show "compelling reasons"[2] or at the very least "good cause" why disclosure of the requested orders would result in "serious competitive or financial harm." (SSI's Mot. 3-4 (quoting Faktor v. Lifestyle Lift, No. 1:09-cv-511, 2009 U.S. Dist. LEXIS 47101, at *5 (N.D. Ohio May 20, 2009)). In response, Medtronic contends that the orders should remain sealed because they often cite to or directly quote confidential information under seal that SSI

---

[2]  SSI contends that Medtronic should be required to put forth "compelling reasons" to overcome the presumption of public access rather than the less stringent standard of "good cause" under Fed. R. Civ. P. 26(c) because the contested court orders relate to dispositive motions. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (applying a "compelling reasons" standard to determine whether the presumption of public access has been overcome in the context of documents related to dispositive motions).

The Court declines to address this issue, finding that SSI failed to appropriately contest Medtronic's confidential designations according to the procedures outlined in the Protective Order, and therefore the burden of establishing the designations by either "compelling reasons" or "good cause" never arose.

never challenged or properly identified in their current motion. (Medtronic's Resp. 1-2.)

On August 8, 2007, the Magistrate Judge issued a thirteen-page protective order agreed-upon in large part by the parties. (Protective Order (D.E. 56); see also Order on Pl.'s Motion for Entry of a Protective Order (D.E. 55) 1-2.)  The Protective Order governed the classification and production of confidential information, the use and disclosure of confidential information, the procedures for disputing confidential information designations, the use of such information at the conclusion of litigation, and the process for amending the Protective Order. (See D.E. 56.)

Throughout the litigation, each party has respected the other's designations of confidential material under the Protective Order, and filed briefs and exhibits under seal accordingly.  (Medtronic's Resp. 1.)  This Court, pursuant to the Protective Order, entered its orders under seal because they rely upon and often directly quote motions and exhibits filed under seal.  (See D.E. 313-18, 495-97, 520-21.)

Paragraph 21 of the Protective Order provides a mechanism for challenging a confidentiality designation.  (D.E. 56 ¶ 21.) A party contesting the designation of anything marked as confidential is required to provide the designating party with "written notice that *identifies the relevant designated*

5

*information* and states in *reasonable detail* the reason why the information should not be so designated." (Id. (emphasis added).)  After a party properly disputes a designation, "the designating party shall bear the burden of establishing that the information should be so designated."  (Id.)

According to the procedures established in Paragraph 21, the Court finds that SSI failed to properly challenge Medtronic's confidential designations.  During the course of litigation, SSI did not contest Medtronic's designations.  Now after judgment has been rendered in favor of SSI, it seeks to unseal court orders which rely on designated motions and exhibits.  SSI's blanket request to unseal twelve court orders (see SSI's Mot., Ex. 1 (D.E. 523-2)), however, fails to identify or explain in reasonable detail why the designated information contained in the court orders is no longer subject to the confidentiality designations.

Despite the presence of numerous direct quotes in the court orders to information filed under seal, SSI attempted to shift the burden of specifically identifying this information and explaining why it no longer requires a designation to Medtronic by stating:

> We do not believe that these orders contain any sensitive confidential information.  If you believe that they do, please advise what is the sensitive confidential information.

6

(Id.)  The Court finds that this method of contesting Medtronic's designations fails to comply with the procedures outlined in Paragraph 21 of the Protective Order, and therefore the burden for establishing the continued need for the designation has not shifted to Medtronic.

Furthermore, SSI's assertion that unsealing the orders is necessary to facilitate the appeal process and reexamination of the '071 patent by the USPTO is without merit.  Federal Circuit Rule 27(m) provides instructions for filing motion papers containing material subject to a protective order.   The same is true for Federal Circuit Rule 28(d), regarding briefs, and Federal Circuit Rule 30(h), regarding appendices containing protected material.  See Fed. Cir. R. 28(d), 30(h).  To date, both parties have already utilized Rule 27 to submit to the Federal Circuit the very orders SSI is seeking to unseal. (Medtronic's Resp. 4.)

The same is true for the reexamination of the '071 patent. Section 724 of the Manual of Patent Examining Procedure ("MPEP") deals with submitting materials subject to a protective order. (Medtronic's Resp., Ex. A (D.E. 524-1) at 1-2.)  Section 724.02 describes in detail how to label confidential materials "Subject to Protective Order" upon submission to the examiner so that they will not be disclosed to the public.  (Id. at 2-3.) Finally, confidential information found not to be material to

patentability may be expunged under MPEP § 724.05 and 37 C.F.R. § 1.59 (2004). (Id. at 8.)

The Court declines to unseal its orders which rely on, cite to, and often directly quote material designated by both parties as confidential because SSI has failed to properly challenge any of Medtronic's designations and unsealing the orders is not essential to the appeal process or the reexamination of the '071 patent.

**IV. Conclusion**

For the foregoing reasons this Court DENIES SSI's Motion to Unseal the Court's Post-Trial Orders (D.E. 495, 496, and 520), Judgments (D.E. 497 and 521), and Summary Judgment Orders (D.E. 313-319).

SO ORDERED this 23rd day of December, 2009.

/s/ JON PHIPPS McCALLA  
CHIEF UNITED STATES DISTRICT JUDGE